```
                                        F I L E D
                                  CLERK, U.S. DISTRICT COURT

                                       2/7/2024

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY: _____TV_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>BENJI MACAULAY,<br>   aka "Olubanji Milton<br>      Macaulay,"<br>   aka "Reginald Eugene Harris,"<br>   aka "Benji Macauley,"<br>   aka "Michael Kennedy,"<br><br>          Defendant. | No. 2:24-cr-00083-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1542: False Statement in a Passport Application; 18 U.S.C. § 981 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1542]

On or about February 2, 2017, in Los Angeles County, within the Central District of California, defendant BENJI MACAULAY, also known as ("aka") "Olubanji Milton Macaulay," aka "Reginald Eugene Harris," aka "Benji Macauley," aka "Michael Kennedy," knowingly and willfully made false statements in an application for a United States passport, with intent to induce and secure for his own use and someone else's use the issuance of a passport under the authority of the United

States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that, in such application, defendant MACAULAY stated that his name was D.D.O., his birthdate was in October 1980, and his place of birth was Ontario, California, and his Social Security Number was XXX-XX-5621, whereas, in fact, as defendant MACAULAY then knew, his name was not D.D.O., his birthdate was not in October 1980, his place of birth was not Ontario, California, and his Social Security Number was not XXX-XX-5621.

COUNT TWO

[18 U.S.C. § 1542]

On or about May 24, 2023, in Los Angeles County, within the Central District of California, defendant BENJI MACAULAY, also known as ("aka") "Olubanji Milton Macaulay," aka "Reginald Eugene Harris," aka "Benji Macauley," aka "Michael Kennedy," knowingly and willfully made a false statement in an application for a United States passport, with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that, in such application, defendant MACAULAY answered "No" to the question "Have you ever applied for or been issued a U.S. Passport Book or Passport Card," whereas, in fact, as defendant MACAULAY then knew, he had previously applied for and been issued a United States passport book and card in the name of D.D.O.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.     The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party;

//

(c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled

with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /s/
                                    _____
                                    Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

SARAH S. LEE
Assistant United States Attorney
General Crimes Section